**ORIGINAL**

FILED
MAY 2 2 2009
U.S. COURT OF
FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTHWEST RESEARCH INSTITUTE ) | |
| Plaintiff ) | |
| ) | No. 09-329 C |
| v. ) | |
| ) | |
| THE UNITED STATES ) | |
| Defendant ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Southwest Research Institute ("SwRI") entered into a contract (Contract No. DTNH22-88-C-07027) with the Department of Transportation, National Highway Traffic Safety Administration ("DOT"), for the performance of certain services on September 6, 1988. SwRI completed the work under the contract on September 5, 1993. SwRI mailed the final invoice for services rendered in October 1997, and in 1999, SwRI began extensive collections efforts over the next several years in a concerted effort to obtain payment for its services. Upon information and belief, there was no dispute regarding the validity or amounts due on SwRI's invoices.

2. SwRI eventually filed a Claim under the Contract Disputes Act of 1978 on March 16, 2006. Ultimately, SwRI received $68,504.95 in payment from the DOT, with $4,334.00 paid in interest. SwRI anticipated that additional interest was due and owing from the DOT and expressed this expectation via e-mail on May 22, 2008. In a reply e-mail, the Contracting Officer responded that, "[U]nder the recently revised 'Prompt Payment Act,' interest payments are limited to 1 year. The interest payment of $4,334.00 reflects the maximum amount allowable under the current legislation."

3. The DOT's position does not take into account the Contract Disputes Act of 1978's requirement that contractors receive interest on their claims for a period beginning from the date the Contracting Officer receives the claim until that claim is paid. SwRI therefore institutes this action for the recovery of $8,674.96 in interest for the approximately two years and two months between the Contracting Officer's receipt and payment of the claim. SwRI demands payment of interest due on its claim in accordance with the Contract Disputes Act of 1978 (41 USC § 611), as well as reasonable costs and attorney's fees under the Equal Access to Justice Act (28 USC § 2412).

## II. JURISDICTION

4. The jurisdiction of this court is invoked pursuant to the Contract Disputes Act, 41 USC § 609(a).

## III. PARTIES

5. The plaintiff, SwRI, is a nonprofit corporation organized and existing under the laws of the State of Texas with its headquarters located at 6220 Culebra Road, San Antonio, Texas 78238.

6. The defendant is the U.S. Department of Transportation, National Highway Traffic Safety Administration, with its relevant program office located at 1200 New Jersey Avenue, SE, West Building, Washington, DC 20590. The current address of the Contracting Officer responsible for administration of the subject contract is 1200 New Jersey Avenue, SE, West Building W51-125, Washington, DC 20590.

## IV.   FACTUAL ALLEGATIONS

7.    Plaintiff entered into a contract with the U.S. Department of Transportation, National Highway Traffic Safety Administration for the performance of an in-service evaluation of the performance, reliability, maintainability and durability of antilock braking systems for heavy trucks on September 6, 1988. SwRI completed the work under the contract on September 5, 1993. For nearly a decade, SwRI undertook extensive collections efforts to have its invoices paid for its work pursuant to the contract. Upon information and belief, there was no dispute regarding the validity or amounts due on SwRI's invoices.

8.    SwRI filed a claim via letter dated March 16, 2006, for $69,254.95 for services performed by SwRI between September 6, 1988 and September 5, 1993 under Contract No. DTNH22-88-C-07027.

9.    On May 16, 2008, the final invoice of $68,504.95 was processed, with $4,334.00 paid in interest. This payment was electronically disbursed and SwRI received the funds on May 22, 2008. Although SwRI had expressed its demand for an additional interest payment, on that same day, the Contracting Officer officially closed out the Contract and stated that, "[U]nder the recently revised 'Prompt Payment Act,' interest payments are limited to 1 year. The interest payment of $4,334.00 reflects the maximum amount allowable under the current legislation."

10.   The DOT's position does not take into account that, according to the Contract Disputes Act of 1978, "Interest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 605(a) of this title from the contractor until payment thereof." 41 USC § 611.

## V. FIRST CAUSE OF ACTION

11. The DOT's failure to remit payment in the amount of $8,674.96 to SwRI in interest amounts to a violation of the government's obligation to issue payment as arising by application of the Contract Disputes Act of 1978. The DOT is therefore liable to SwRI in the amount of $8,674.96 in accordance with the Contract Disputes Act of 1978 (41 USC § 611).

## V. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff SwRI respectfully prays that this Court:

a) Assume jurisdiction of this case;

b) Award interest in the amount of $8,674.96 in accordance with the Contract Disputes Act of 1978 (41 USC § 611);

c) Award plaintiff's costs and reasonable attorney's fees in accordance with the Equal Access to Justice Act (EAJA), 28 USC § 2412; and

d) Award such other relief as the court deems appropriate.

Dated this 21st day of May, 2009

_/s/ Kelly Majors Anderson_
Kelly Majors Anderson
Counsel for the Plaintiff

Southwest Research Institute
6220 Culebra Road
P.O. Drawer 28510
San Antonio, Texas 78228-0510

Phone 210.522.2211
Fax 210.522.5839